# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-03111-RM-NRN

MICHAEL BACOTE, JR.,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Objection (ECF No. 74) to the Magistrate Judge's order (ECF No. 70) granting Defendant's Motion to Stay Discovery (ECF No. 57) pending a determination on Defendant's Motion to Dismiss (ECF No. 56). With the Court's permission, Defendant filed a response. Upon consideration of the applicable filings, the transcript of the hearing before the Magistrate Judge, and relevant case law, Plaintiff's Objection is OVERRULED.

## I.    BACKGROUND[1]

Plaintiff, then proceeding *pro se*, filed this action on December 22, 2017. Thereafter, Plaintiff filed four other complaints, with the most recent one filed on August 2, 2019. (ECF Nos. 10, 13, 24, 55.) The latter two were filed with the assistance of counsel. Defendant was not served until February 2019.

In response to the most recent complaint, Defendant filed a Motion to Dismiss along with

---

[1] The parties are familiar with the background of this case so it will only be briefly summarized here.

the Motion to Stay Discovery that is at issue. In the Motion to Dismiss, Defendant argued Plaintiff's claims are barred by the settlement in the *Cunningham* litigation and fail under Fed. R. Civ. P. 12(b)(6).

The Court referred to the Magistrate Judge the Motion to Dismiss for a recommended disposition and the Motion to Stay. The Magistrate Judge held a hearing on the Motion to Stay and orally granted the motion. In doing so, the Magistrate Judge precluded all formal discovery; he did not, however, preclude Plaintiff from informally obtaining his medical files. (ECF No. 73, p. 67.) Plaintiff's Objection followed. Thereafter, on November 8, 2019, the Magistrate Judge issued a recommendation (ECF No. 92) that Defendant's Motion to Dismiss be granted except as to part of Plaintiff's Second Claim for Relief. The Magistrate Judge also lifted the stay in part to allow discovery to go forward on that part of the claim for which dismissal is not recommended. (ECF No. 93.)

## II.     LEGAL STANDARD

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure this Court "must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."

## III.    ANALYSIS

Plaintiff argues the Magistrate Judge's Order was clearly erroneous or contrary to law because: (1) he failed to issue a written order or read such an order into the record as required under Fed. R. Civ. P. 72(a); (b) he failed to "appropriately" balance the *String Cheese*[2] factors; and (3) he failed to adhere to the law of this District by conducting an "preliminary peek" of the merits of the Motion to Dismiss. The Court examines – and rejects – each argument in turn.

---

[2] *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

First, under the applicable rule, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, *when appropriate*, issue a written order stating the decision." Fed. R. Civ. P. 72(a) (emphasis added). Thus, there is no requirement of a written order much less a requirement to read such an equivalent order into the record. Moreover, there is a written transcript of the entire hearing and, thus, a full record by which the Court can – and did – conduct a meaningful review of what the Magistrate Judge considered and determined. Thus, this argument is rejected.

Next, this District often applies the *String Cheese* factors in deciding motions to stay. However, no judge – or magistrate judge – is *required* to follow or apply the *String Cheese* factors. After all, "'[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'" *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)). Regardless, the Court's review of the hearing transcript shows the Magistrate Judge was well aware of and considered the *String Cheese* factors. That Plaintiff disagrees with the Magistrate Judge's analysis, or the weight he apparently assigned to any factor, fails to show his decision was clearly erroneous or contrary to law.

Finally, the Magistrate Judge's decision to consider a non-*String Cheese* factor also does not render his decision clearly erroneous or contrary to law. Here, the Magistrate Judge indicated he was taking a preliminary peek at the merits of the Motion to Dismiss. There is no controlling law, however, which precludes such a consideration. Nor can the Court say that to

do so in this instance[3] was clearly erroneous.  First, the Motion to Dismiss was before the Magistrate Judge for a recommendation as to the merits.  Further, and importantly, the parties' briefing and oral argument addressed the merits of the Motion to Dismiss as it was raised in conjunction with, and relative to, the merits of the Motion to Stay.  (*See* Plaintiff's Response to Motion to Stay, ECF No. 63 at pp. 7-10.)  Accordingly, the Court finds the decision of the Magistrate Judge to consider this factor in this instance was reasonable and not clearly erroneous.[4]

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Objection to United States Magistrate Judge's Order on Motion to Stay Discovery (ECF No. 74) is **OVERRULED**.

DATED this 13th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[3] The Court renders no opinion on whether such a peek would be clearly erroneous under different facts and circumstances.  For example, while Plaintiff had not yet filed his response to the Motion to Dismiss, its merits were nonetheless raised in the Motion to Stay briefing and in oral argument.  And, Plaintiff was afforded an opportunity to address this peek in his objection.

[4] The Court also rejects Plaintiff's contention that defense counsel provided testimony – as opposed to *argument* – during the hearing.