IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 17-cv-03111-RM-NRN

MICHAEL BACOTE, JR.,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

---

### ORDER

---

This matter is before the Court on Defendant's Motion for Leave to File Answer (the "Motion") (ECF No. 186) to Plaintiff's complaint out of time, with the answer date of April 19, 2021. The Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

In this case, after the Court accepted the Magistrate Judge's recommendation on Defendant's Motion to Dismiss, Defendant's answer to Plaintiff's one remaining claim was due by February 9, 2021. Defendant, however, failed to answer or move for an extension of time to do so until February 24, 2021. Plaintiff opposes the Motion.

Rule 6(b) of the Federal Rules of Civil Procedure provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:…on motion made after the time has expired if the party failed to act because of excusable neglect." "[W]hat sorts of neglect will be considered 'excusable,' … is at bottom an equitable [determination],

taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This "include[s]…the

danger of prejudice to the [opposing party], the length of the delay and its potential impact on

judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith." *Id*. *See also Perez v. El*

*Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (same).

      Under the facts and circumstances in this case, after examining the Motion, and the court

record, the Court finds relief should be granted. First, the Court finds no undue prejudice to

Plaintiff by any delay in requesting an extension of time or based the length of time requested in

which to answer. Defense counsel represents that he conferred with Plaintiff's counsel as soon as

he was made aware of the failure to answer and the parties have filed a joint motion for a 60-day

stay of discovery in order to allow Defendant to address Plaintiff's mental health diagnoses and

transfer him to a different institution. Defendant requests an answer date to correspond to the

requested stay period.

      Next, the Court finds the length of the requested extension will not adversely affect the

judicial proceedings in this action. The Court recognizes the case was filed in 2017 but, in light

of the joint requested stay and the anticipated actions to be taken on behalf of Plaintiff, it finds

the request to be within the realm of what is reasonable.

      Third, the Court finds the reason for the delay and whether it was within the reasonable

control of the movant weighs both ways. Meeting the deadline was certainly within the control of

Defendant's counsel but he provides some acceptable excuse – the parties were in the midst of

determining how best to handle Plaintiff's most recent diagnosis. Nonetheless, "[a] court may

take into account whether the mistake was a single unintentional incident (as opposed to a

pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his

action promptly after discovering the mistake….A mistake could occur in any attorney's office,

no matter how well run." *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (quotation

marks, alterations, and citations omitted). Although the delay here was not merely arriving late

for a hearing or the like, the Court nonetheless takes into consideration that this is an isolated

incident, the record is not replete with requests for extensions of time by Defendant, and defense

counsel acted promptly to address his error.

Finally, the Court finds nothing to show Defendant acted in good faith. Instead, counsel

acted promptly.

Accordingly, it is **ORDERED** that Defendant's Motion for Leave to File Answer (ECF

No. 186) out of time, with the answer due by April 19, 2021, is **GRANTED**.

DATED this 25th day of February, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

3