No. _____

# In the United States Court of Appeals
# for the Tenth Circuit

IN RE MICHAEL BACOTE, JR.,
*Petitioner*

**On Petition for a Writ of Mandamus to**
**the United States District Court for the District of Colorado**

Civil Action No. 1:17-cv-03111-RM-NRN
The Honorable Raymond P. Moore
Civil Action No. 1:12-cv-01570-CMA-MEH
The Honorable Christine Arguello

## PETITION FOR WRIT OF MANDAMUS

NICOLE B. GODFREY       AURORA RANDOLPH       LAURA ROVNER*
University of Denver Sturm College of Law | Civil Rights Clinic
2255 East Evans Avenue, Suite 335
Denver, Colorado 80208
(303) 871-6441

CIARA M. ANDERSON
Thomas, Anhell,
Laraway & Smith, LLC
8390 E. Crescent Parkway
Greenwood Village, Colorado 80111
(720) 542-6148

RACHEL KENNEDY
Holland, Holland Edwards &
Grossman, LLC
1437 High Street
Denver, Colorado 80218
(303) 860-1331

DAROLD KILLMER
Killmer, Lane & Newman, LLP
1543 Champa St., Suite 400
Denver, Colorado 80202
(303) 571-1000

ZACHARY D. WARREN
Highlands Law Firm
501 S. Cherry Street, 11th Floor
Denver, Colorado 80246
(720) 722-3380

*Counsel for Petitioner*

**ORAL ARGUMENT IS REQUESTED**

* Elisabeth Teater, Kevin Whitfield, Miriam Kerler, and Scott Hammersley, Civil Rights Clinic student attorneys, also assisted in the preparation of this petition.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

INTRODUCTION ............................................................................ 1

STATEMENT OF JURISDICTION .................................................. 5

RELIEF SOUGHT ........................................................................... 5

ISSUES PRESENTED ...................................................................... 6

STATEMENT OF FACTS ................................................................ 6

      *The* Cunningham *Agreement* ........................................... 7

      *The* Bacote *Action* ........................................................ 8

      *Mr. Bacote's CAFA Notice* ............................................. 9

      *Mr. Bacote's CAFA Motion* ......................................... 10

      *Subsequent Error in Bacote* ......................................... 12

      *Impact of the Courts' Errors on Mr. Bacote* ................. 12

ARGUMENT .................................................................................. 13

  I.     Mr. Bacote has no other adequate means to obtain relief. ........... 15

  II.    Mr. Bacote Has a Clear and Indisputable Right to Choose Not to Be Bound by the *Cunningham* Agreement ..................................... 18

A.   Mr. Bacote's Clear Right to Relief Is Not Discretionary and Is Supported by the Plain Language of CAFA. ................................. 18

B.   The Abuse of Discretion by the *Cunningham* Court, and the Usurpation of Power by the *Bacote* Court, Make Mr. Bacote's Right to the Writ Clear and Indisputable....................................... 21

1.   The *Cunningham* Court's Abuse of Discretion........................ 21

2.   The *Bacote* Court's Usurpation of Power and Abuse of Discretion ................................................................. 22

III.   A Writ of Mandamus is Appropriate Because the CAFA Issue Satisfies All Necessary Factors and Raises an Issue of First Impression for the Tenth Circuit.................................................... 23

CONCLUSION ......................................................................... 25

STATEMENT REGARDING ORAL ARGUMENT ........................................ 26

CERTIFICATE OF COMPLIANCE ..................................................... 28

CERTIFICATE OF SERVICE ......................................................... 29

## ATTACHMENTS

**Appendix A:** Bacote v. Federal Bureau of Prisons, 1:17-cv-03111-RM-NRN

**Appendix B:** Cunningham v. Federal Bureau of Prisons,1:12-cv-01570-CMA-MEH

# TABLE OF AUTHORITIES

**Cases**

*Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33 (1980) ........................................ 19

*California v. Intelligender, LLC,* 771 F.3d 1169 (9th Cir. 2014) .......................... 20

*Cheney v. U.S. Dist. Court for D.C.,* 542 U.S. 367 (2004).................................... 15

*Cunningham v. Federal Bureau of Prisons*, 12-cv-01570-RPM-MEH (D. Colo. Dec. 29, 2016) ................................................................................ passim

*Cunningham v. Federal Bureau of Prisons,* 709 Fed. App'x 886 (10th Cir. 2017).. 2

*Duncan Townsite Co. v. Lane*, 245 U.S. 308 (1917).............................................. 14

*Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695 (10th Cir. 1998) 21

*In re Antrobus*, 519 F.3d 1123 (10th Cir. 2008).................................................... 19

*In re Bard Associates, Inc.*, No. 09-6243, 2009 WL 4350780 (10th Cir. 2009) .... 24

*In re Cooper Tire & Rubber Co.,* 568 F.3d 1180 (10th Cir. 2009) ........................ 15

*In re Flonase Antitrust Litigation*, No. 08-3301, 2015 WL 9273274 (E.D. Pa., Dec. 21, 2015).......................................................................................... 20

*In re Qwest Commc'ns Int'l, Inc.,* 450 F.3d 1179 (10th Cir. 2006) ...................... 15

*Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990)................................................ 18

*Kerr v. U.S. Dist. Court for Northern District of California*, 426 U.S. 394 (1976) 15

*Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014) ................. 25

*Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995) ....................................................... 18

*Roche v. Evaporated Milk Association*, 319 U.S. 21 (1943) .................................. 17

*Steinfeld v. Discover Financial Services,* No. C 12-01118 JSW, 2014 WL 1309352
    (N.D. Cal. Jan. 15, 2014) ..................................................................................... 20

*U.S. ex rel. Chicago Great W. R. Co. v. I.C.C.*, 294 U.S. 50 (1935)...................... 21

*United States v. Carey*, 664 Fed. App'x 716 (10th Cir. 2016) ............................... 24

*United States v. West*, 672 F.2d 796 (10th Cir. 1982) ...................................... 21, 22

**Statutes**

28 U.S.C. § 1331................................................................................................... 5

28 U.S.C. § 1651................................................................................................... 5

28 U.S.C. § 1715.................................................................................................. 2

28 U.S.C. § 1715(a)(1)(A).............................................................................. 19, 20

28 U.S.C. § 1715(a)(2) ......................................................................................... 19

28 U.S.C. § 1715(e)(1) ...................................................................................passim

28 U.S.C. § 1715(b)........................................................................................... 9, 24

**Other Authorities**

2005 U.S.C.C.A.N. 3 ............................................................................................ 20

Class Action Fairness Act of 2005 Pub. L. No. 109-2, 119 Stat. 4 (2005)............. 25

S. Rep. No. 109-14 (2005)..................................................................................... 20

# INTRODUCTION

Plaintiff-Petitioner, Michael Bacote, Jr., respectfully brings this Petition for Writ of Mandamus seeking a determination as to whether he properly exercised his right under the Class Action Fairness Act not to be bound by the class action settlement agreement in *Cunningham v. Federal Bureau of Prisons*, 1:12-cv-01570-CMA-MEH (D. Colo. Dec. 29, 2016) ("*Cunningham* Agreement").

In 2016, a class of people imprisoned at the United States Penitentiary—Administrative Maximum (ADX) entered into a settlement agreement with the Federal Bureau of Prisons (BOP) to resolve claims that the BOP's treatment of prisoners with mental illness at ADX failed to meet the minimum level of care necessary to satisfy the Eighth Amendment to the U.S. Constitution. App. B1 at 068-268; App. B2 at 274-373.[1] The *Cunningham* Agreement included a provision releasing class members' future claims pertaining to mental health treatment. App. B2 at 347 at ¶ 73. The final settlement agreement and subsequent court orders,

---

[1] Along with his Petition, Mr. Bacote also files two appendices containing documents he anticipates will be useful to the Court in reviewing his Petition. Appendix A contains documents in the *Bacote v. Fed. Bureau of Prisons* litigation. Appendix B contains documents in the *Cunningham v. Fed. Bureau of Prison*s litigation. Petitioner cites to documents each of in these appendices using the convention: App. (volume number) at (page number).

1

including one from this Court,[2] codified that the district court retained continuing jurisdiction over the *Cunningham* matter during the settlement's three-year Compliance Period, set to expire on December 29, 2019. App. B2 at 349-53 at ¶¶ 82, 89, 90; 359-67; 368-73 at ¶¶ 6-8; 374-75.

At no point prior to the *Cunningham* Agreement's final approval or since, has the defendant in that case, the BOP, provided notice of the settlement agreement to appropriate officials as mandated by the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715. App. B2 at 376-87 at ¶¶ 14-22; 415-31 at ¶¶ 10, 14. The BOP's failure to comply with its statutory obligation has consequences, as CAFA expressly provides: "A class member may refuse to comply with and may choose not to be bound by a settlement agreement or consent decree in a class action if the class member demonstrates that the notice required under subsection (b) has not been provided." 28 U.S.C. § 1715(e)(1). Therefore, because the BOP did not provide notice of the settlement as required by CAFA, members of the *Cunningham* class could choose not to be bound by the *Cunningham* Agreement.

On September 27, 2019, Mr. Bacote, a person with intellectual disability and serious mental illness, who remains incarcerated at ADX, filed a notice with the *Cunningham* court invoking his CAFA right not to be bound by the settlement due

---

[2] *See Cunningham v. Federal Bureau of Prisons,* 709 Fed. App'x 886, 888 (10th Cir. 2017).

to the BOP's failure to provide the requisite notice. App. B2 at 376-87 ("CAFA Notice"). Mr. Bacote filed his notice prior to the expiration of the *Cunningham* court's continuing jurisdiction, which, per the court's stipulated order,[3] did not expire until December 29, 2019—the end of the monitoring period.

Mr. Bacote had separately filed an individual lawsuit seeking relief from the BOP's failure to diagnose, treat, and accommodate his mental health needs; its confinement of him in extreme and prolonged isolation; its discrimination against him on the basis of his mental disabilities; and its retaliation against him for engaging in constitutionally protected activity. *Bacote v. Fed. Bureau of Prisons*, 1:17-cv-03111-RM-NRN; App. A1 at 024-45. In addition to notifying the *Cunningham* court of his choice not to be bound by the *Cunningham* Agreement, on September 27, 2019, Mr. Bacote informed the U.S. District Court presiding over his individual action (*Bacote* court) that he had filed this CAFA Notice in the *Cunningham* court. App. A1 at 096-104. Additionally, two months later—and still prior to the expiration of the *Cunningham* court's continuing jurisdiction—Mr. Bacote timely filed a motion in the *Cunningham* court requesting confirmation of the propriety of his CAFA Notice. App. B2 at 415-31 ("CAFA Motion").

---

[3] In entering that order, the *Cunningham* court expressly "reserve[d] and retain[ed] jurisdiction over the parties and this case to the full extent necessary to enforce the terms of the [settlement agreement]." App. B2 at 371.

3

The *Cunningham* court took no action on either the CAFA Notice or the CAFA Motion during the period that it maintained continuing jurisdiction.[4] But, on April 10, 2020, <u>after the Compliance Period closed</u>, the *Cunningham* court struck the CAFA Motion for lack of jurisdiction. App. B2 at 461-62. The *Cunningham* court made no decision about the propriety or effect of Mr. Bacote's CAFA Notice before the end of the Compliance Period, nor has it done so since.  Thus, because the Court left his CAFA Notice unstruck, Mr. Bacote believed the *Bacote* court would properly take judicial notice of his CAFA Notice and find that, because he was no longer bound by the *Cunningham* Agreement, the Release Provision could not bar his claims.

On January 26, 2021, the *Bacote* court mistakenly interpreted the *Cunningham* court's order striking the motion for lack of jurisdiction as a decision on the merits of Mr. Bacote's CAFA Notice—in other words, to mean that Mr. Bacote had not exercised his rights under CAFA and that he remained bound by the *Cunningham* Agreement (and the Release Provision therein). App. A2 at 300-01. Consequently, the *Bacote* court held that Mr. Bacote did not properly assert his rights under CAFA and that the *Cunningham* Agreement barred several of the claims asserted in the *Bacote* court case—and dismissed those claims. App. A2 at 304-08.

---

[4] The *Cunningham* court did, however, strike a motion filed by another party within a week of the time Mr. Bacote filed his CAFA Notice. App. B2 at 388.

As a result of the *Cunningham* court's inaction, and the *Bacote* court's misinterpretation of that inaction, Mr. Bacote is left hamstrung by a settlement agreement that violated CAFA's mandates with nowhere to turn but to this Court.

## STATEMENT OF JURISDICTION

The cases below arose under the United States Constitution and Section 504 of the Rehabilitation Act of 1973. The district court had federal question jurisdiction over those cases under 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1651.

Plaintiff-Petitioner recognizes that a Writ of Mandamus is an "extraordinary remedy," yet, as laid out more fully below, Mr. Bacote has a clear right to relief, has no other means of obtaining relief, and a writ is appropriate under the circumstances. Mr. Bacote therefore asks this Court to exercise its jurisdiction under 28 U.S.C. § 1651 to decide the propriety and effect of his timely-filed CAFA Notice.

## RELIEF SOUGHT

Plaintiff-Petitioner requests that the Court direct the Honorable Raymond P. Moore of the United States District Court for the District of Colorado (the *Bacote* court) to amend the Order granting in part the motion to dismiss (App. A2 at 293-312) to correct the erroneous conclusion that Mr. Bacote did not properly file his CAFA Notice in *Cunningham*. In the alternative, Mr. Bacote requests that the Court direct the Honorable Christine M. Arguello of the United States District Court for

the District of Colorado (the *Cunningham* court) to issue a *nunc pro tunc* Order in

*Cunningham v. Federal Bureau of Prisons*, 12-cv-01570-RPM-MEH (D. Colo. Dec.

29, 2016) declaring that Mr. Bacote properly exercised his right under CAFA not to

be bound by the *Cunningham* Agreement when he filed his CAFA Notice. App. B2

at 376-87.

## ISSUES PRESENTED

1. Did the *Bacote* court abuse its discretion by refusing to acknowledge the propriety of the CAFA Notice, which the *Cunningham* court did not strike, in its consideration of whether Mr. Bacote's claims are precluded by the *Cunningham* Agreement?

2. Did the *Cunningham* court abuse its discretion by refusing to confirm the validity of Mr. Bacote's CAFA Notice prior to the expiration of its jurisdiction over the *Cunningham* Agreement?

## STATEMENT OF FACTS

Plaintiff Michael Bacote is a 46-year-old man with intellectual disability and

Major Depressive Disorder. App. A1 at 028-31 at ¶¶ 14-26. The BOP has held Mr.

Bacote in solitary confinement continuously, and in near-total isolation, at ADX

since 2009. App. A1 at 066.

Having endured the devastating effects of extreme isolation continuously for

almost five years, by 2012, Mr. Bacote's mental health was noticeably deteriorating.

App. A1 at 031-32 at ¶¶ 27-29. Even among the many seriously mentally ill men at

ADX who had been denied mental health treatment, the severity of Mr. Bacote's

serious mental illness made him stand out. *Id.* He thus became the lead plaintiff in a

putative class action lawsuit originally styled *Bacote v. Federal Bureau of Prisons,* 12-cv-01570-RPM-MEH (D. Colo. Dec. 29, 2016). *Id.* Plaintiffs in that case alleged that the BOP violated the Eighth Amendment by denying people confined at ADX the right to mental health treatment. *Id.* As the action progressed, Mr. Bacote faced retaliation at the hands of BOP employees, eventually leading him to withdraw from the lawsuit. App. A1 at 024-45 at ¶¶ 31-43, 71-75; App. B1 at 063-67.

### The Cunningham Agreement

The remaining parties to the case, then refashioned as *Cunningham v. Federal Bureau of Prisons*, reached the *Cunningham* Agreement (App. B2 at 274-358), which the court approved on December 29, 2016. App. B2 at 359-67. The Agreement included a release barring class members from bringing "any and all claims . . . that pertain to the treatment of ADX inmates' mental health," (App. B2 at 347 at ¶ 73 ("Release Provision")), and expressly and repeatedly provided that the district court retained continuing jurisdiction during the Agreement's three-year Compliance Period, set to expire on December 29, 2019. App. B2 at 348-53 at ¶¶ 82, 89, 90. On January 17, 2017, the *Cunningham* court certified the settlement class[5] and dismissed the action with prejudice, "retaining jurisdiction to the full extent

---

[5] The *Cunningham* court certified a Screening Class and a Treatment Subclass. Mr. Bacote does not dispute that he is a member of both classes.

necessary, to enforce the terms of the Addendum, pursuant to the terms set forth therein." App. B2 at 368-75 at ¶ 8.

As a result of the *Cunningham* Agreement, the BOP transferred many seriously mentally ill people from ADX to mental health treatment programs in other prisons. App. B2 at 281. But the BOP afforded Mr. Bacote no such relief. This is the backdrop against which Mr. Bacote initiated his individual lawsuit. App. A1 at 005.

### The Bacote *Action*

On August 2, 2019, Mr. Bacote filed the operative complaint, which includes four claims: (1) an Eighth Amendment claim challenging the BOP's failure to evaluate and diagnose Mr. Bacote's mental health; (2) an Eighth Amendment claim challenging the conditions of Mr. Bacote's isolated confinement; (3) a Rehabilitation Act claim challenging BOP's discrimination against Mr. Bacote on the basis of his mental disabilities; and (4) a First Amendment claim challenging the BOP's retaliation against Mr. Bacote. App. A1 at 024-45. Defendant BOP moved to dismiss all four claims (App. A1 at 046-65), arguing, in part, that the *Cunningham* Agreement Release Provision barred Mr. Bacote's claims. App. A1 at 050-56.

While preparing a response to the BOP's Motion to Dismiss, undersigned counsel, appointed by the District of Colorado Pro Bono Panel to represent Mr. Bacote in this action, discovered that the BOP failed to notify appropriate state and

8

federal officials of the proposed *Cunningham* settlement agreement as mandated by
CAFA. 28 U.S.C. §1715(b). App. B2 at 376-87 at ¶¶ 14-22.

### *Mr. Bacote's CAFA Notice*

Thus, on September 27, 2019, Mr. Bacote filed his CAFA Notice with the
*Cunningham* court, exercising his right not to be bound by the *Cunningham*
Agreement pursuant to CAFA. 28 U.S.C. § 1715(e)(1) ("A class member . . . may
choose not to be bound by a settlement agreement or consent decree in a class action
if the class member demonstrates that the notice required under subsection (b) has
not been provided."); App. B2 at 376-87. Defendant BOP responded (App. B2 at
389-400), requesting that the court issue an order stating Mr. Bacote did not have a
right to refuse to be bound by the *Cunningham* Agreement. Mr. Bacote replied (App.
B2 at 401-14), explaining how he had properly exercised his CAFA right. The
*Cunningham* court never issued an Order stating Mr. Bacote did not have a right to
refuse to be bound by the *Cunningham* Agreement, and left Mr. Bacote's CAFA
Notice undisturbed.

Also on September 27, 2019, after filing his CAFA Notice with the
*Cunningham* court, Mr. Bacote included his CAFA Notice as an exhibit to his
motion to dismiss response in *Bacote* (App. A1 at 066-104) to alert the *Bacote* court
that he was no longer bound by the *Cunningham* Agreement, and consequently, the

*Cunningham* Agreement could not impact his individual claims in front of the *Bacote* court.

In its November 8, 2019, Report and Recommendation on the BOP's Motion to Dismiss, the *Bacote* Magistrate Judge opined that (1) Mr. Bacote had waived his objection to the *Cunningham* Agreement, (2) his CAFA Notice amounted to a "collateral attack" on the *Cunningham* Agreement, and (3) CAFA is an ambiguous statute that did not apply to the *Cunningham* litigation. App. A1 at 165-71. The *Bacote* Magistrate Judge recommended dismissal of Claims One and Three as barred by the *Cunningham* Release Provision. App. A1 at 176-83, Report and Recommendation on Defendant BOP's Motion to Dismiss ("MTD R&R").[6] The MTD R&R recommended that Mr. Bacote's second claim proceed to the extent it seeks "a judicial determination of Mr. Bacote's mental health diagnosis" pursuant to an exception in the Release Provision that allowed for such claims. App. A1 at 181. Mr. Bacote filed an objection to the MTD R&R's recommendation that the Court dismiss Claim One, Three, and Four. App. A1 at 187-217.

### *Mr. Bacote's CAFA Motion*

On November 22, 2019, after the *Bacote* Magistrate Judge improperly opined on the validity of Mr. Bacote's CAFA Notice, Mr. Bacote filed a motion in the

---

[6] The MTD R&R also recommended dismissing Claim Four for failure to state a claim. App. A1 at 183-85.

*Cunningham* court requesting it explicitly confirm he properly exercised his CAFA right not to be bound by the *Cunningham* Agreement. App. B2 at 415-31. Mr. Bacote filed the CAFA Motion 38 days before the *Cunningham* Agreement Compliance Period expired, and the parties completed briefing on the motion on December 26, 2019—prior to the expiration of the *Cunningham* court's jurisdiction, which ended at the conclusion of the Compliance Period on December 29, 2019.[7] The *Cunningham* court failed to take any action on the CAFA Motion before the Compliance Period ended. Thus, the court allowed its jurisdiction over the *Cunningham* Agreement to lapse without providing any indication that Mr. Bacote's CAFA Notice was improper, invalid, or ineffective.

On April 10, 2020, after the Compliance Period had ended, the *Cunningham* court issued an Order striking the CAFA Motion and stated that any order would be an advisory opinion because "the Court entered a final judgment that resolved this dispute years ago, there is no case or controversy currently pending." App. B2 at 461-62. Importantly, the *Cunningham* court did <u>not</u> strike the CAFA Notice itself. *Id*. Thus, Mr. Bacote reasoned his CAFA Notice remained valid and he need not waste judicial resources appealing the *Cunningham* order when the *Bacote* court need only take judicial notice of the unstruck CAFA Notice.

---

[7] The BOP filed its response to Mr. Bacote's CAFA Motion on December 13, 2019, and Mr. Bacote filed his Reply to that response on December 26, 2019. App. B2 at 432-48, 449-460.

***Subsequent Error in Bacote***

On January 26, 2021, however, the *Bacote* court ruled on the objections to the MTD R&R. App. A2 at 293-312. In that order, the *Bacote* court improperly interpreted the *Cunningham* court's order striking the CAFA <u>Motion</u> as a rejection of Mr. Bacote's CAFA <u>Notice</u> "because it came too late."  App. A2 at 302. The *Bacote* court's usurpation of the *Cunningham* court's power led it to conclude that Mr. Bacote remained bound by the *Cunningham* Agreement and that the Release Provision bars most of Mr. Bacote's claims, despite Mr. Bacote's CAFA Notice remaining undisturbed in the *Cunningham* court. *See* App. A2 at 304-08.[8]

***Impact of the Courts' Errors on Mr. Bacote***

The two district courts' errors producing this result are manifestly unjust, broad-reaching, and not correctable on appeal. First, the *Cunningham* court erred in failing to act on the CAFA Motion when Mr. Bacote filed it before that court's jurisdiction expired. App. B2 at 461-62. Indeed, the *Bacote* court conceded that the *Cunningham* court had sole jurisdiction over the matter. App. A2 at 301. The *Cunningham* court's error may have been harmless on its own, but it had a severely

---

[8] On the recommendation of the Magistrate Judge (App. A1 at 181), the *Bacote* court allowed Mr. Bacote's second Eighth Amendment claim to proceed to the extent it sought a judicial determination of his personal mental health diagnosis. App. A2 at 305, 311. Just as Mr. Bacote did not object to the MTD R&R's recommendation on his second claim, he does not now dispute the way the *Bacote* court permitted his second claim to proceed.

12

destructive impact when misinterpreted and relied upon by the *Bacote* court. Although the *Cunningham* court left the CAFA Notice intact, the *Bacote* court exacerbated the *Cunningham* court's error in striking the CAFA Motion by failing to acknowledge the CAFA Notice had not been stricken, and wrongly relying on the *Cunningham* Agreement release to drastically limit Mr. Bacote's access to justice in the *Bacote* court. App. A2 at 301, 304, 306.

## ARGUMENT

Issuance of a writ of mandamus is appropriate under these exceptional circumstances. Mr. Bacote is stymied by the *Cunningham* Agreement, despite properly exercising his clear right to not be bound by it pursuant to his exercise of his CAFA right. The question of whether Mr. Bacote is bound by the *Cunningham* Agreement was only ever properly before the *Cunningham* court, which never indicated that Mr. Bacote's CAFA Notice was ineffective, or that Mr. Bacote was still bound by the Agreement despite his timely CAFA Notice. App. B2 at 461-62. The *Bacote* court then abused its discretion when it used the *Cunningham* court's order striking the CAFA Motion to extrapolate, decide Mr. Bacote was bound by the *Cunningham* Agreement, and thereby thwart Mr. Bacote's properly-exercised CAFA rights.[9] Because the *Cunningham* court no longer has jurisdiction to consider

---

[9] Further, in its order, the *Bacote* court conceded that jurisdiction over whether or not Mr. Bacote properly exercised his CAFA right not to be bound by the

the CAFA question and raising the issue on direct appeal in the *Bacote* case may constitute a collateral attack on the CAFA question, mandamus is the only route to correct this error. These errors of both the *Cunningham* court and the *Bacote* court have deprived Mr. Bacote of access to relief from either court.

Accordingly, Mr. Bacote now finds himself in need of an equitable, albeit extraordinary, remedy from this Court: a writ of mandamus from this Court directing the *Bacote* court to acknowledge the validity of the CAFA Notice and amend its order dismissing Mr. Bacote's claims on the basis of the *Cunningham* Agreement, or, in the alternative, directing the *Cunningham* court to issue an order determining the propriety and effect of Mr. Bacote's CAFA Notice alerting that court of his choice to exercise his CAFA right not to be bound by the Agreement.

"Mandamus is an extraordinary remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion." *Duncan Townsite Co. v. Lane*, 245 U.S. 308, 311 (1917). "Although classed as a legal remedy, its issuance is largely controlled by equitable principles." *Id.* at 312. A court may grant mandamus relief if: (1) "the party seeking issuance of the writ [has] no other

---

*Cunningham* Agreement lay with the *Cunningham* court, agreeing with the Magistrate Judge's R&R (App. A1 at 168) and stating "[t]he Recommendation on Dismissal found – and Mr. Bacote does not dispute—that the proper place for Mr. Bacote to seek exemption from the Release was in the *Cunningham* action." App. A2 at 300-01.

adequate means to attain the relief he desires;" (2) the petitioner has a clear right to relief; and (3) the Court is "satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. District Court for D.C.,* 542 U.S. 367, 380-81, (2004) (quoting *Kerr v. U.S. District Court for Northern District of California*, 426 U.S. 394, 403 (1976)).

## I.   Mr. Bacote has no other adequate means to obtain relief.

Without this Court issuing a writ of mandamus, Mr. Bacote has no adequate means to obtain relief, and he will be damaged in a way not correctable on appeal. *See In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1187 (10th Cir. 2009) (citing *In re Qwest Communications International, Inc.,* 450 F.3d 1179, 1184 (10th Cir. 2006)).

When the *Cunningham* court struck Mr. Bacote's CAFA Motion, it left the *Bacote* court without the guidance to answer potentially dispositive questions in Mr. Bacote's individual case. App. B2 at 461-62. Therefore, because the *Cunningham* court did not strike the CAFA Notice itself, the *Bacote* court could have—and should have—taken judicial notice of the CAFA Notice, thus making an appeal of the *Cunningham* court's order striking the motion inappropriate and a waste of judicial resources.

Per the express terms of the *Cunningham* Agreement and myriad other court orders, the *Cunningham* court retained sole jurisdiction over all settlement matters

until the monitoring period expired in December 2019. App. B2 at 330 at ¶¶ 35-36; 351-52 at ¶¶ 89-90; 371-72 at ¶¶7-8; 375. Mr. Bacote timely filed his CAFA Notice with the *Cunningham* court. App. B2 at 376-83. And, in his CAFA motion, Mr. Bacote expressly requested that the court decide the propriety and effect of Mr. Bacote's CAFA Notice before the *Cunningham* court's jurisdiction expired. App. B2 at 415-23. But the *Cunningham* court issued no decision on the merits. App. B2 at 461-62. Instead, the court allowed its jurisdiction to expire and then struck the CAFA Motion as untimely. This error could have been harmless. But the *Bacote* court converted the *Cunningham* court's error into an extremely harmful one when the *Bacote* court abused its discretion. The *Bacote* court abused its discretion when it interpreted the *Cunningham* court's action (and inaction) as a judgment on the merits of Mr. Bacote's unstruck CAFA Notice and thus refused to take judicial notice of the same. App. B2 at 301. This left Mr. Bacote bound by the *Cunningham* Agreement and thereby barred his individual claims.[10]  App. B2 at 304, 306.

When the *Cunningham* court struck Mr. Bacote's CAFA Motion without considering its merits (App. B2 at 461-62), it unwittingly prejudiced him in the *Bacote* court in a manner not correctable on appeal. The *Cunningham* court neither acknowledged nor struck Mr. Bacote's actual CAFA Notice reflecting his choice not

---

[10] Mr. Bacote does not concede his claims are barred even if the *Cunningham* Agreement applies to him and plans to raise these issues on direct appeal.

to be bound by the *Cunningham* Agreement. *Id.* Because the *Cunningham* court took no action while it had continuing jurisdiction, and allowed its jurisdiction to expire before acting, an appeal in the *Cunningham* proceeding was unnecessary since the *Bacote* court bore the responsibility to take judicial notice of Mr. Bacote's still-valid CAFA Notice. By failing to act while it still had jurisdiction, the *Cunningham* court's "omission . . . has thwarted . . . appellate review of the ruling." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943).

Given the *Cunningham* court's action on one filing and not the other,[11] Mr. Bacote reasoned his timely-filed CAFA Notice remained effective, and that the *Bacote* court would recognize the possibility, at least, that Mr. Bacote was not bound by the *Cunningham* Agreement. Indeed, the *Bacote* court conceded that it did not have jurisdiction to decide whether Mr. Bacote properly exercised his CAFA right not to be bound. App. A2 at 300-01. But the *Bacote* court abused its discretion by interpreting the *Cunningham* court's order striking Mr. Bacote's CAFA Motion (for lack of jurisdiction) to mean that Mr. Bacote did not properly exercise his CAFA right not to be bound by the *Cunningham* Agreement, and therefore remained bound by it. *Id.* Because of this misinterpretation, the *Bacote* court erroneously found Mr. Bacote's individual claims barred under the *Cunningham* Agreement's Release

---

[11] And the *Cunningham* court's immediate action on a contemporaneous filing by another party. *See* App. B2 at 388.

Provision. App. A2 at 304, 306. The *Bacote* court, in practical effect, exceeded its jurisdiction. Now, Mr. Bacote is stuck in jurisdictional limbo with no decision on the CAFA issue, irreparably damaged in ways not redressable on appeal, and with no means outside of mandamus to obtain relief.

## II.  Mr. Bacote Has a Clear and Indisputable Right to Choose Not to Be Bound by the *Cunningham* Agreement.

The plain language of CAFA gives Mr. Bacote a clear and indisputable right to choose not to be bound by the *Cunningham* Agreement under the circumstances and to have that right actually take effect. Moreover, both the *Bacote* and *Cunningham* courts have a "plainly defined and preemptory duty" to recognize Mr. Bacote's appropriately-exercised CAFA right not to be bound by the *Cunningham* Agreement. *See Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (internal citations omitted).

### A. Mr. Bacote's Clear Right to Relief Is Not Discretionary and Is Supported by the Plain Language of CAFA.

When deciding whether a petitioner has a "clear and indisputable right to relief," the petitioned court must determine whether it agrees that the district court should grant the requested relief. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (granting writ of mandamus directing district court to grant motion to recuse by first identifying whether motion for recusal was proper). *See also In re Antrobus*, 519 F.3d 1123, 1125-26 (10th Cir. 2008) (denying writ of mandamus requesting an

order directing the district court to declare daughter a victim of the defendant's crime after deciding that a myriad of reasons led it to disagree with petitioner's position regarding the requested order).

Here, Mr. Bacote's right to the requested relief—to choose not to be bound by the *Cunningham* Agreement and to have that choice actually take effect—is express and not a matter committed to discretion. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, (1980) ("Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'").

The plain language of CAFA is indisputably clear: "A class member . . . may choose not to be bound by a settlement agreement or consent decree in a class action if the class member demonstrates that the notice required under subsection (b) has not been provided." 28 U.S.C. § 1715(e)(1). Responses to requests under the District of Columbia Freedom of Information Act (App. B2 at 386, 429-430) and the Colorado Open Records Act (App. B2 at 384, 414), revealed that in *Cunningham*, Defendant BOP did not provide notice to the appropriate state officials: the District of Columbia Attorney General and the Colorado Attorney General.[12] *Id*. Moreover, Defendant BOP made it clear in its Response to Mr. Bacote's CAFA Notice (App.

---

[12] Sections 1715(a)(1)(A) and (a)(2) define appropriate state and federal officials as the United States Attorney General and the State Attorney General of every state where a class member resides. At the time of the proposed settlement, Mr. Bacote was a resident of Washington, D.C. or Colorado.

B2 at 396) that the BOP had also failed to notify the appropriate federal official: the United States Attorney General.[13] The notice requirement is intended "to 'safeguard plaintiff class members' rights' by providing state and federal officials with an opportunity to 'voice concerns if they believe that the class action settlement is not in the best interest of their citizens.'" *Steinfeld v. Discover Financial Services,* No. C 12-01118 JSW, 2014 WL 1309352, at *5 (N.D. Cal. Jan. 15, 2014) (quoting S. Rep. No. 109-14, at 5 (2005) *reprinted in* 2005 U.S.C.C.A.N. 3, 32).[14] In enacting CAFA, Congress recognized that when defendants fail to abide by CAFA's notice requirements, they deprive class members of the benefit of state and federal official oversight meant to ensure that the proposed settlement agreement adequately protects class members' interests.

Defendant BOP's failure to notify the proper officials of the *Cunningham* settlement agreement (App. B2 at 384-87, 414, 429-30) triggered Mr. Bacote's express right to choose not to be bound by that agreement. Mr. Bacote timely informed the court then presiding over the class action settlement of defendant's

---

[13] Defendant BOP explained that it provided notice to the Deputy Attorney General of the United States. App. B2 at 396. However, the language § 1715(a)(1)(A) explicitly defines the appropriate federal official as the United States Attorney General.

[14] *See also In re Flonase Antitrust Litigation*, No. 08-3301, 2015 WL 9273274, at *6 (E.D. Pa., Dec. 21, 2015) (*"By notifying States . . . the CAFA Notice is intended to give states a role in ensuring that their citizens are equitably compensated in class action settlements." (citing *California v. Intelligender, LLC,* 771 F.3d 1169, 1173 (9th Cir. 2014)) (internal citations omitted).

failure to provide the notice mandated by CAFA, and his choice not to be bound by the settlement. App. B2 at 376-87. Mr. Bacote properly exercised his express right under CAFA, and he has a clear and indisputable right to have his choice take effect.

### B. The Abuse of Discretion by the *Cunningham* Court, and the Usurpation of Power by the *Bacote* Court, Make Mr. Bacote's Right to the Writ Clear and Indisputable.

Moreover, "[t]he right to the writ is clear and indisputable when the petitioner can show a judicial usurpation of power or a clear abuse of discretion." *United States v. West*, 672 F.2d 796, 799 (10th Cir. 1982); *see also Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998). Here, mandamus is appropriate because both the *Cunningham* and *Bacote* courts abused their discretion.

### 1. The *Cunningham* Court's Abuse of Discretion

The *Cunningham* court abused its discretion when it refused to decide a timely-filed motion that was properly before it. The Supreme Court has held that when a body "erroneously refuses to exercise . . . power and authority" plainly given to it by statute, "mandamus is the appropriate remedy to compel that body to proceed and to hear the case upon the merits" to rectify the failure to exercise jurisdiction. *U.S. ex rel. Chicago Great W. R. Co. v. I.C.C.*, 294 U.S. 50, 61 (1935).

By the *Cunningham* Agreement's terms, the *Cunningham* court retained sole jurisdiction during the monitoring period to the fullest extent necessary over all matters relating to class members and the enforcement of the agreement. App. B2 at

330 at ¶¶ 35-36; 351-52 at ¶¶ 89-90; 371-72 at ¶¶ 7-8; 375. As detailed above, parties briefed in full the question of the propriety and effect of Mr. Bacote's Notice in the *Cunningham* court (App. B2 at 376-87, 389-460), but the Court never ruled upon the question (App. B2 at 461-62). When the *Cunningham* court refused to decide a matter related to the enforcement of the *Cunningham* Agreement, it effectively renounced the jurisdiction it expressly retained in the Settlement Agreement and Final Judgment, in derogation of its clear duty and to the significant detriment of Mr. Bacote.

### 2. The *Bacote* Court's Usurpation of Power and Abuse of Discretion

The *Bacote* court abused its discretion and usurped power when it knowingly exceeded its jurisdiction by deciding that Mr. Bacote's CAFA Notice was ineffective, concluding that Mr. Bacote remained bound by the *Cunningham* Agreement. App. A2 at 301. While acknowledging that the *Cunningham* court had sole authority to determine the propriety of the CAFA Notice, the *Bacote* court usurped the *Cunningham* court's power when it simultaneously concluded the *Cunningham* court's inaction rendered the Notice without effect. *Id.*; *West*, 672 F.2d at 799.

The *Bacote* court's holding ignores two important facts. First, the *Cunningham* court never struck Mr. Bacote's CAFA Notice, so it cannot be said to have rejected his "exemption request" (*id.*) as untimely. Second, Mr. Bacote moved

for the *Cunningham* court to act *prior to the expiration of the agreement*, when the court retained jurisdiction. Thus, Mr. Bacote—the original named plaintiff in *Cunningham*—is now precluded not only from seeking the relief the plaintiff class sought in *Cunningham,* but also relief from his long-term solitary confinement and the BOP's discriminatory refusal to provide him reasonable accommodations.

For the above reasons, these Orders constitute abuses of discretion, both warranting the issuance of a writ of mandamus to correct the contravention of Mr. Bacote's clear and indisputable right not to be bound by the *Cunningham* Agreement.

### III.   A Writ of Mandamus is Appropriate Because the CAFA Issue Satisfies All Necessary Factors and Raises an Issue of First Impression for the Tenth Circuit.

The CAFA provisions at issue here are of first impression in this Circuit. No previous Tenth Circuit decision has decided the impact of a CAFA notice like Mr. Bacote's, and, save the District of Colorado, no District Court in the Circuit has ruled on Section 1715(e)(1). Additionally, a writ of mandamus is appropriate in these extraordinary circumstances to clarify the scope and conditions of class members' right to choose not to be bound by a settlement agreement. Guidance from this Court will have broad and significant consequences. Indeed, by deciding the merits of Mr. Bacote's CAFA Notice, the Court will decide the validity and contours of 28 U.S.C. §§ 1715(b) and 1715(e)(1). Without judicial guidance regarding class members'

right to choose not to be bound under these circumstances, defendants to class action lawsuits will continue to violate CAFA's notice requirements without consequence, and class members will remain without the recourse Congress expressly granted.

The Tenth Circuit has a demonstrated interest in "novel issues . . . of a district court's supervisory powers over class action litigation" involving other statutes, such as the Private Securities Litigation Reform Act of 1995, (*see In re Bard Associates, Inc.*, No. 09-6243, 2009 WL 4350780 at *2 (10th Cir. 2009)), and has found it appropriate to grant writs resolving procedural issues that raise a question of first impression. *See United States v. Carey*, 664 Fed. App'x 716, 720 (10th Cir. 2016).

In *Carey*, the plaintiff petitioned for a writ of mandamus under the All Writs Act, arguing that the district court must compel a speedier release from incarceration. *Id.* at 718. The Tenth Circuit recognized that even though "the merits of a § 2255 motion . . . will be resolved in the near future by the Supreme Court," this would "not be soon enough to benefit the defendant seeking relief." *Id*. at 720. Because of this and other factors, the Tenth Circuit granted the writ. *Id.* As in *Carey*, Mr. Bacote requires emergent relief that only this Court can grant, and the question of when and how a class member can exercise their CAFA right not to be bound has not been heard by the Tenth Circuit.

This case presents an issue that the Tenth Circuit should decide not only for Mr. Bacote, but for fairness to class members generally. *See Mississippi ex rel. Hood*

*v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (citing Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4. (2005) ("Congress enacted CAFA in order to amend the procedures that apply to consideration of interstate class actions") (internal quotations omitted). Litigants and lower courts alike will profoundly benefit from this Court's guidance, because without clarity on the contours of this right, courts simply cannot answer whether future CAFA notices are timely, proper, and effective. Whether a class member has properly exercised their right not to be bound by a class action settlement when a defendant has failed to comply with CAFA's notice requirement is a matter of great importance.  Mr. Bacote asks this Court to review an issue it never has before—one that is complex and that will impact class action lawsuits for years to come.

## CONCLUSION

The two major errors described above leave Mr. Bacote in need of an extraordinary remedy only this Court can provide. The *Cunningham* court's neglect of its jurisdiction and the *Bacote* court's usurpation of power are compounding errors that have relegated Mr. Bacote to jurisdictional purgatory, denying him access to justice. Accordingly, he requests this Court direct the *Bacote* court to take judicial notice of his properly filed CAFA Notice or, in the alternative, direct the *Cunningham* court to issue a *nunc pro tunc* order declaring that Mr. Bacote properly exercised his CAFA right not to be bound by the *Cunningham* Agreement.

25

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Bacote requests oral argument. Class actions present complex issues for many courts, and whether, how, and under what conditions a class member can exercise his CAFA right not to be bound by a settlement agreement is a question of critical importance. The failure of the *Cunningham* court to answer that question on the merits, compounded by the *Bacote* court's usurpation of power in incorrectly answering it, have together operated to deny Mr. Bacote his day in court on claims alleging deprivations of his constitutional and statutory rights. Resolution of this question via mandamus is the only vehicle left to decide these important and novel issues. Oral argument is likely to assist the Court's resolution of these matters.

Respectfully submitted,

STUDENT LAW OFFICE

*s/ Laura Rovner*
Laura Rovner
Nicole Godfrey
Aurora Randolph
University of Denver College of Law | Civil Rights Clinic
2255 East Evans Avenue, Suite 335
Denver, CO 80208
(303) 871-6441
lrovner@law.du.edu

KILLMER, LANE & NEWMAN
*s/ Darold W. Killmer*
Darold W. Killmer
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: 303.571.1000
Fax: 303.571.1001
dkillmer@kln-law.com

HOLLAND, HOLLAND EDWARDS
& GROSSMAN, LLC
*s/Rachel Kennedy*
Rachel Kennedy
1437 High Street
Denver, Colorado 80218
Phone: 303.860.1331
Fax: 303.832.6506
rachel@hheglaw.com

THOMAS, ANHELL, LARAWAY &
SMITH, LLC
*s/ Ciara M. Anderson*
Ciara M. Anderson
8390 E. Crescent Parkway, Suite 500
Greenwood Village, Colorado 80111
Phone: 720.542.6148
canderson@tlflawfirm.com

HIGHLANDS LAW FIRM
*s /Zachary D. Warren*
Zachary D. Warren
501 S. Cherry Street, 11th Floor
Denver, Colorado 80246
Phone: 720.722.3880
Fax: 720.815.3380
zwarren@highlandslawfirm.com

## CERTIFICATE OF COMPLIANCE

1. This document complies with the Length Limits requirement of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

> [X] this document contains 6086 words, or

> [ ] this brief uses a monospaced typeface and contains <state the number of> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> [X] this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, or

> [ ] this document has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Date: May 7, 2021

*s/ Laura Rovner*
Laura Rovner

*Counsel for Petitioner*

28

## CERTIFICATE OF SERVICE

I certify that on May 7, 2021, a copy of this petition was served by delivering it to the following in the manner shown below:

(*via email and first-class mail*)
The Honorable Raymond P. Moore
The District Court of Colorado
Alfred A. Arraj United States
Courthouse A641 / Courtroom A601
901 19th Street
Denver, CO 80294-3589
Moore_Chambers@cod.uscourts.gov

(*via email and first-class mail*)
The Honorable Christine M. Arguello
The District Court of Colorado
Alfred A. Arraj United States
Courthouse A638 / Courtroom A602
901 19th Street
Denver, CO 80294-3589
Arguello_Chambers@cod.uscourts.gov

(*via CM/ECF*)
Robert Reeves Anderson, Esq.
Reeves.anderson@arnoldporter.com

Edwin Packard Aro
ed.aro@apks.com

Marcy Elizabeth Cook
Marcy.cook@usdoj.gov

Jerome B. Falk, Jr.
jerome.falk@apks.com

Deborah Maxine Golden
deb.golden@gmail.com

Mark Joseph Ivandick
mivandick@disabilitylawco.org

James Alexander Kaiser
James.Kaiser@apks.com

Jacob Licht-Steenfat
Jacob.Licht-Steenfat@usdoj.gov

Wilson DeLoss Mudge
Wilson.mudge@apks.com

Karl L. Schock
Karl.Schock@usdoj.gov

Kelly Anne Welchans
Kelly.Welchans@apks.com

Kyle Brenton
Kyle.brenton@usdoj.gov

Elizabeth Hagerty
Elizabeth.Hagerty@usdoj.gov

*s/ Laura Rovner*
Laura Rovner

*Counsel for Petitioner*
