# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Senior Judge Raymond P. Moore

Civil Action No. 17-cv-03111-RM-NRN

MICHAEL BACOTE, JR.,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

---

# ORDER

---

This matter is before the Court following remand by the United States Court of Appeals for the Tenth Circuit. *See Bacote v. Fed. Bureau of Prisons*, 119 F.4th 808 (10th Cir. 2024).

Plaintiff, an inmate in Defendant's custody, has at least one serious mental illness and an intellectual developmental disability. *Id.* at 812. When he filed this action, he was being held at the United States Penitentiary Administrative Maximum facility in Florence, Colorado ("ADX-Florence"). *Id.* In his Fourth Amended Complaint (ECF No. 55), he challenged the conditions of his confinement, seeking declaratory and injunctive relief based on asserted violations of his rights under the First and Eighth Amendments and the Rehabilitation Act of 1973.

This Court concluded that some of Plaintiff's claims were barred by the terms of a class action settlement involving mentally disabled prisoners at ADX-Florence. (ECF No. 180 at 12-16.) Others failed due to the absence of an implied right of action under the Rehabilitation Act and because Plaintiff's allegations were insufficient to establish the causation element of a First Amendment retaliation claim. (*Id.* at 16-18.) The Court subsequently concluded that Plaintiff failed to establish elements of his remaining Eighth Amendment claim and directed that

judgment be entered in Defendant's favor. (ECF No. 248 at 5-6.)

On appeal, the Tenth Circuit determined that the issues raised by Plaintiff were prudentially moot because, since the filing of his Complaint, he had been transferred from ADX-Florence to the mental health unit at the United States Penitentiary in Allenwood, Pennsylvania. *Bacote*, 119 F.4th at 813. The Tenth Circuit reasoned that Plaintiff had not yet asked this Court to relieve him from his current conditions of confinement, that no information about his current conditions was before it, that the record suggested his current conditions of confinement had improved or at least changed, and that it should refrain from issuing a judgment binding extra-circuit officials. *Id.* at 813-14. The Tenth Circuit found Plaintiff had not shown he faced "a cognizable danger of recurrent violation beyond a mere possibility." *Id.* at 814. Accordingly, the Tenth Circuit vacated the Court's previous judgment and remanded the case with instructions "to dismiss without prejudice all claims affected by [its] conclusion that the issues raised in this appeal are prudentially moot." *Id.* at 815.

In light of the Tenth Circuit's ruling, the Court finds that all Plaintiff's claims, which pertain solely to his conditions of confinement at ADX-Florence, are subject to DISMISSAL WITHOUT PREJUDICE for procedural mootness. Therefore, the Court WITHDRAWS all Orders it previously entered in this case as well as the Final Judgment entered on August 4, 2022. The Clerk is directed to REENTER JUDGMENT in Defendant's favor and CLOSE this case.

DATED this 18th day of April , 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge